**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tevva Motors Limited,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Electrameccanica Vehicles Corporation, et al.,<br><br>　　　　　Defendants. | No. CV-23-02299-PHX-DWL<br><br>**ORDER** |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff brings this action asserting diversity as the sole basis of the Court's subject-matter jurisdiction. (Doc. 1 ¶ 9.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal

Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

Plaintiff is a British company and is therefore an alien for diversity purposes, and Defendants Electrameccanica Vehicles Corp. ("EMV"), 1432952 B.C. Ltd. ("Holdco"), and 1432957 B.C. Ltd. ("Parentco") are Canadian corporations and therefore are also aliens. (*Id.* ¶¶ 3-7.) *Nike*, 20 F.3d at 990-91 ("NIL, however, is a corporation and we cannot disregard either its site of incorporation, Bermuda, or its principal place of business, which Nike alleges is Oregon, when testing for complete diversity. In this instance, when we treat NIL as an alien citizen due to its Bermuda incorporation, the requirements of diversity jurisdiction are not met."). "Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Nike*, 20 F.3d at 991 (citation omitted). Assuming for the moment that Defendant Susan Docherty is a citizen of Arizona, her presence as a defendant "does not salvage jurisdiction because diversity must be complete." *Id.*; *cf. Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985) ("[F]ederal diversity jurisdiction is not defeated where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens."). Thus, the Court lacks subject-matter jurisdiction over EMV, Holdco, and Parentco, and if any one of these parties is an indispensable party, the Court lacks subject-matter jurisdiction over this action in its entirety. "Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, . . . there is no jurisdiction over the alien. If the alien defendant is indispensable, . . . there is no jurisdiction at all." *Faysound Ltd. v. United Coconut*

*Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

Furthermore, the allegation that Docherty "is an individual who resides in Arizona" (Doc. 1 ¶ 8) is insufficient to establish that she is a citizen of Arizona for diversity purposes. As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

Accordingly,

**IT IS ORDERED** that the complaint is dismissed with leave to amend for lack of subject-matter jurisdiction. By **November 21, 2023**, Plaintiff may file an amended complaint that cures the deficiencies identified in this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **November 21, 2023**, the clerk of court shall terminate the action.

Dated this 7th day of November, 2023.

Dominic W. Lanza
United States District Judge